**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

In re                                                        :        **Chapter 11 Case No.**

**ULTRAPETROL (BAHAMAS) LIMITED,** *et al.,*     :        **17-22168 (RDD)**

                                                Debtors.[1]         :        **(Jointly Administered)**

-----------------------------------------------------------------------x

## ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION PROCEDURES AND FORMS OF BALLOTS AND CONFIRMATION OF DEBTORS' SECOND AMENDED PREPACKAGED PLAN OF REORGANIZATION AND ESTABLISHING DEADLINES WITH RESPECT THERETO, (II) DIRECTING WAIVER OR DEFERRAL OF SECTION 341(a) MEETING, AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT OF CHAPTER 11 CASES, WAIVER OR DEFERRAL OF SECTION 341(a) MEETING, COMBINED HEARINGS, AND RELATED DEADLINES AND MATTERS

A hearing having been held on February 10, 2017 (the "Hearing"), to consider

the motion, dated February 6, 2017 (the "Motion"),[2] of Ultrapetrol (Bahamas) Limited ("UBL")

and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively with UBL, "Ultrapetrol" or the

"Debtors"), pursuant to sections 105(a) and (d)(2)(vi), 341, 1125, 1126, 1127, and 1128 of title

11, United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2002, 3017, 3018, 3019, and

3020 and the Prepackaged Guidelines, for, among other things, entry of an order (i) scheduling a

---

1.    The Debtors in these chapter 11 cases are the following entities: Ultrapetrol (Bahamas) Limited; Arlene Investments, Inc.; Brinkley Shipping Inc.; Cedarino S.A.; Compañia Paraguaya De Transporte Fluvial S.A.; Dampierre Holdings Spain, S.A.; Danube Maritime Inc.; Dingle Barges Inc.; Eastham Barges Inc.; General Ventures Inc.; Hallandale Commercial Corp.; Longmoor Holdings, Inc.; Marine Financial Investment Corp.; Massena Port S.A.; Oceanpar S.A.; Parabal S.A.; Parfina S.A.; Princely International Finance Corp.; Regal International Investments S.A.; Riverpar S.A.; Riverview Commercial Corp.; Thurston Shipping Inc.; UABL Barges (Panama) Inc.; UABL Limited; UABL Paraguay S.A.; UABL Towing Services S.A.; UABL S.A.; Ultrapetrol S.A.; UPB (Panama) Inc.; UP River (Holdings) Ltd. (Bahamas); and UP River Terminals (Panama) S.A.  The foreign equivalent of an EIN, if any, for each Debtor is set forth in its chapter 11 petition.

2.    Capitalized terms used herein and not otherwise defined herein have the meanings ascribed to such terms in the Motion.

combined hearing (the "Combined Hearing") to consider the approval of the Disclosure

Statement (as defined below), the prepetition solicitation of votes to accept or reject the Plan (as

defined below) (the "Solicitation Procedures"), the forms of ballots and master ballot, and

confirmation of the Plan, including any proposed amendments or modifications to the Plan,

(ii) establishing the deadline to object to the adequacy of the Disclosure Statement, the

Solicitation Procedures, the Ballots, and confirmation of the Plan, (iii) directing that a meeting

pursuant to section 341 of the Bankruptcy Code not be convened if the Plan is confirmed within

ninety (90) days after the Commencement Date, and (iv) authorizing and approving the form

and manner of notice of the commencement of the Debtors' chapter 11 cases, waiver or deferral

of the section 341 meeting, the Combined Hearing, and the assumption and rejection of

executory contracts and unexpired leases pursuant to the Plan, all as more fully set forth in the

Motion; and the Declaration of Damián Scokin Pursuant to Local Bankruptcy Rule 1007-2 (the

"Scokin Declaration"), having been filed with the Court; and the Debtors' Second Amended

Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code,

dated February 6, 2017 (the "Plan") and the Disclosure Statement, dated November 30, 2016

and the Supplement thereto, dated January 17, 2017 (together, the "Disclosure Statement")

having been filed with the Court contemporaneously with the Motion; and the Certification of

Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the

Debtors' Amended Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the

Bankruptcy Code (the "Vote Certification") having been filed with the Court on the

Commencement Date; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b) which the Court may decide by final order; and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided, to (i) the Office of the United States Trustee for the Southern District of New York,

(ii) counsel to the trustee under the Indenture for Ultrapetrol's 2021 Notes, (iii) counsel to the

informal committee of unaffiliated holders of Ultrapetrol's 2021 Notes, (iv) counsel to IFC and

OFID, (v) counsel to the agents under the Offshore Loan Agreements, (vi) counsel to Sparrow

((i) through (vi), collectively the "Notice Parties"), (vii) the holders of the ten largest secured

claims against Ultrapetrol (on a consolidated basis), (viii) the holders of the forty largest

unsecured claims against Ultrapetrol (on a consolidated basis), (ix) counsel to Copernico

Argentina Fund, and (x) the Securities and Exchange Commission, and it appearing that no

other or further notice need be provided; and upon the Motion, the papers in support thereof, the

Scokin Declaration, the Plan, the Disclosure Statement, the Vote Certification, the record of the

Hearing, and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is consistent with the Prepackaged Guidelines, is

an exercise of sound business judgment, is necessary and in the best interests of Ultrapetrol, its

estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

      ORDERED that the Motion is granted as provided herein; and it is further

      ORDERED that the Combined Hearing to consider approval of the Disclosure

Statement, approval of the Solicitation Procedures, approval of the ballots in substantially the

form attached hereto as Exhibit 1 (the "Ballots"), and confirmation of the Parent-Included Plan

(including any amendments or modifications thereto) shall be held before this Court on **March 17, 2017 at 11:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard.  The Combined Hearing may be adjourned or continued from time to time without further notice other than an announcement of the adjourned or continued date or dates in open court or at the Combined Hearing (or at any adjourned or continued Combined Hearing) and the filing of a notice of such adjourned or continued date(s) on the electronic docket of these cases; and it is further

ORDERED that objections or responses, if any, to the adequacy of the Disclosure Statement, approval of the Solicitation Procedures, approval of the form of the Ballots, or confirmation of the Parent-Included Plan (including any amendments or modifications thereto) shall be in writing, filed with the Court (with a copy to the Court's chambers) in accordance with the local rules and orders of the Court, and served upon (i) the proposed attorneys for the Debtors, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Dustin P. Smith, Esq. (dustin.smith@hugheshubbard.com)) and (ii) the Notice Parties, in each case so as to be received no later than at **4:00 p.m. (prevailing Eastern Time) on March 10, 2017**; and it is further

ORDERED that any objections or responses not timely filed and served in the manner set forth in this Order may not be considered and may be overruled; and it is further

ORDERED that replies to objections or responses received on or before the

Objection Deadline, if any, shall be filed with the Court (with a copy to the Court's chambers)

and served **VIA EMAIL** on the Notice Parties, parties who have filed and served a notice of

appearance in this case under Fed. R. Bankr. P. 2002 and 3017, and the respective objectors so

as to be actually **received** no later than **12:00 p.m. (prevailing Eastern Time) on March 16,**

**2017** (the "Reply Deadline"); and it is further

ORDERED that the Ultrapetrol shall file a proposed Combined Order with the

Court (with a copy to the Court's chambers), so as to be actually received on or before the

**Reply Deadline**; and it is further

ORDERED that, pursuant to section 341(e) of the Bankruptcy Code, the U.S.

Trustee is directed not to convene a meeting of creditors or equity security holders; provided

that the U.S. Trustee may schedule a meeting of creditors or equity security holders if the Plan

(as the same may be modified or amended) is not confirmed on or before the ninetieth (90th)

day after the Commencement Date, without prejudice to Ultrapetrol's right to seek further

extensions of the aforementioned relief; and it is further

ORDERED that service by mail of a notice, in substantially the form attached

hereto as Exhibit 2 (the "Combined Notice") by the Debtors' claims and noticing agent on or

before **February 10, 2017** upon: (i) the Office of the United States Trustee for the Southern

District of New York, (ii) the holders of the ten largest secured claims against Ultrapetrol (on a

consolidated basis), (iii) the holders of the forty largest unsecured claims against Ultrapetrol (on

a consolidated basis), (iv) the trustee under the Indenture for Ultrapetrol's 8⅞% First Preferred

Ship Mortgage Notes due 2021, (v) counsel to the informal committee of unaffiliated holders of

Ultrapetrol's 2021 Notes, (vi) counsel to IFC and OFID, (vii) counsel to the agents under the

Offshore Loan Agreements, (viii) counsel to Sparrow, (ix) the Securities and Exchange

Commission, (x) all record holders of claims against the Debtors that were entitled to vote on

the Plan, (xi) known holders of all other claims against Debtors as of the Commencement Date,

(xii) all equity security holders of record of UBL as of the Commencement Date,

(xiii) counterparties to the Debtors' executory contracts and unexpired leases, and (xiv) all

parties having filed requests for notices in these chapter 11 cases, complies with Fed. R. Bankr.

P. 2002 and 3017 and shall be deemed good and sufficient notice of (i) the commencement of

the Debtors' chapter 11 cases, (ii) the waiver or deferral of any meeting pursuant to section 341

of the Bankruptcy Code, (iii) the Disclosure Statement and the Debtos' request for approval

thereof, (iv) the Plan, including without limitation, the Debtors' request for confirmation

thereof, its classification and treatment of claims against, and equity interests in, the Debtors,

the assumption and rejection of executory contracts and unexpired leases pursuant thereto, and

the injunction, release, and exculpation provisions thereof, (iv) the date, time, and place of the

Combined Hearing, and the deadline and procedures for interposing objections to the Disclosure

Statement, the Solicitation Procedures, the Ballots, and confirmation of the Parent-Included Plan

and any proposed amendments or modifications thereto, and (v) instructions for obtaining

copies of the Disclosure Statement and the Plan free of charge, and no other or further notice

need be given; and it is further

ORDERED that, notwithstanding Fed. R. Bankr. P. 3017(d), the Debtors shall

not be required to mail or otherwise transmit a copy of the Disclosure Statement or the Plan to

any holder of a claim against, or equity interest in, the Debtors; provided that, paper copies of

the Disclosure Statement and the Plan shall be provided to the Office of the U.S. Trustee and the

Securities and Exchange Commission, and electronic copies of the Disclosure Statement and the

Plan shall be provided to all parties having filed requests for notices in these cases; and provided

further that the Disclosure Statement and the Plan shall be available electronically at

https://cases.primeclerk.com/ultrapetrol and a paper copy of each shall be provided to any party

in interest upon written request to the Voting Agent; and it is further

       ORDERED that Ultrapetrol is authorized to take all actions necessary or

appropriate to carry out the provisions of this Order; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation, or enforcement of this

Order.

Dated:  White Plains, New York
      February 10, 2017

                     /s/Robert D. Drain_____
                    United States Bankruptcy Judge

## EXHIBIT 1

**Ballots**

## EXHIBIT 2

**Combined Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **ULTRAPETROL (BAHAMAS) LIMITED**, *et al.*, | : | 17- |
| Debtors. | : | **(Joint Administration Pending)** |

------------------------------------------------------------------------x

**Notice of Chapter 11 Cases, Combined Hearings, and Related Matters**

_____

**For each of the Debtors listed below, a case has been filed under chapter 11 of the Bankruptcy Code on February 6, 2017 (the "Commencement Date"). An order for relief has been entered.  On the Commencement Date, the Debtors filed with the Bankruptcy Court the Debtors' Second Amended Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated February 6, 2017 (the "Prepackaged Plan") [Docket No.   ], the Disclosure Statement, dated November 30, 2016 and a Supplement thereto, dated January 17, 2017 (together, the "Disclosure Statement") [Docket Nos. ].**

**This notice has important information about the case for creditors, including information about the meeting of creditors and deadlines. Read all pages carefully. YOU ARE NOT BEING SUED OR FORCED INTO BANKRUPTCY.**

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice.  (See below for more information.)

To protect your rights, consult an attorney. All documents filed with the Bankruptcy Court will be available for inspection at the Office of the Clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov, as well as from the Debtors' Claims and Noticing Agent, Prime Clerk (A) by written request at the following address: 830 3rd Avenue, 3rd Floor, New York, New York 10022; (B) by phone at (844) 205-4334 (U.S. and Canada) or (917) 606-6438 (International); or (C) by accessing its website http://cases.primeclerk.com/ultrapetrol.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).

_____

The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case

| 1.   Name of Debtors | Case Number | Name of Debtors | Case Number |
|---|---|---|---|
| Ultrapetrol (Bahamas) Limited | 17- | Parfina S.A. | 17- |
| Arlene Investments, Inc. | 17- | Princely International Finance Corporation | 17- |
| Brinkley Shipping Inc. | 17- | Regal International Investments S.A. | 17- |
| Cedarino S.A. | 17- | Riverpar S.A. | 17- |
| Compania Paraguaya De Transporte Fluvial S.A. | 17- | Riverview Commercial Corp. | 17- |

| 1. Name of Debtors (continued) | Case Number | Name of Debtors | Case Number |
|---|---|---|---|
| Dampierre Holdings Spain, S.A. | 17- | Thurston Shipping Inc. | 17- |
| Danube Maritime Inc. | 17- | UABL Barges (Panama) Inc. | 17- |
| Dingle Barges Inc. | 17- | UABL Limited | 17- |
| Eastham Barges Inc. | 17- | UABL Paraguay S.A. | 17- |
| General Ventures Inc. | 17- | UABL Towing Services S.A. | 17- |
| Hallandale Commercial Corp. | 17- | UABL S.A. | 17- |
| Longmoor Holdings, Inc. | 17- | Ultrapetrol S.A. | 17- |
| Marine Financial Investment Corp. | 17- | UPB (Panama) Inc. | 17- |
| Massena Port S.A. | 17- | UP River (Holdings) Ltd. (Bahamas) | 17- |
| Oceanpar S.A. | 17- | UP River Terminals (Panama) S.A. | 17- |
| Parabel S.A. | 17- | | |

| 2. All other names used in the last 8 years | Cedarino S.L.; Dampierre Holdings Spain S.L. |
|---|---|

| 3. Address | 445 Hamilton Avenue<br>White Plains, New York 10601 |
|---|---|

| 4. Debtors' attorneys<br>Name and address | ZIRINSKY LAW PARTNERS PLLC<br>375 Park Avenue, Suite 2607<br>New York, New York 10152<br>(212) 763-0192<br>Bruce R. Zirinsky, Esq.<br>Sharon J. Richardson, Esq.<br>Gary D. Ticoll, Esq. | HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>(212) 837-6000<br>Christopher K. Kiplok, Esq. |
|---|---|---|

| 5. Bankruptcy clerk's office<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www. pacer.gov. The Debtors maintain a copy of the case docket available free of charge at https://cases.primeclerk.com/Ultrapetrol | Clerk of the United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York 10601<br><br>Clerk of the Bankruptcy Court:<br>Vito Genna | Hours open 8:30 a.m.-5:00 p.m.<br><br>Contact phone (212) 668-2870 |
|---|---|---|

| 6. Meeting of creditors<br><br>If the Section 341(a) Meeting is convened the Debtors' representative must attend to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "**Section 341(a) Meeting**") **will not be convened if the Prepackaged Plan is confirmed within ninety (90) days after the Commencement Date (as such date may be further extended).** If the Section 341(a) Meeting is to be convened, the Debtors will file, serve, and post on the Debtors' restructuring website at http://cases.primeclerk.com/ultrapetrol, prior to the date scheduled for such meeting, a notice of the date, time, and place of the Section 341(a) Meeting.<br><br>The meeting may be adjourned or continued from time to time by notice at the Section 341(a) Meeting or at any adjourned or continued Section 341(a) Meeting, without further notice to creditors. |
|---|---|

| 7. Proof of claim deadline | You are not required to file a claim at this time. If the court sets a claims deadline, you will be notified and provided a proof of claim form by mail. You should refer to the Debtors' Prepackaged Plan and Disclosure Statement for information regarding the treatment of and distributions on account of claims against the Debtors in their chapter 11 cases provided for under the Prepackaged Plan. |
|---|---|

| | |
|---|---|
| **8.  Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A) and Fed. R. Bankr. P. 4007. |
| **9.  Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend any deadlines in this notice (if any). Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.  Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. On February 6, 2017, the Debtors filed with the Bankruptcy Court the Debtors' Second Amended Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "**Prepackaged Plan**") [Docket No.   ], the Disclosure Statement, dated November 30, 2016 and a Supplement thereto, dated January 17, 2017 (together, the "**Disclosure Statement**") [Docket Nos.    ]. Copies of the Prepackaged Plan and Disclosure Statement may be obtained free of charge (i) by contacting the Debtors' voting agent, Prime Clerk by phone at (844) 205-4334 (U.S. and Canada) or (917) 606-6438 (International); (ii) by email at ultrapetrolballots@PrimeClerk.com including "Ultrapetrol" in the subject line of any such email; or (iii) through the Debtors' restructuring website at http://cases.primeclerk.com/ultrapetrol. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of the Prepackaged Plan may result in a discharge of debts, which may include all or part of your debt.  *See* 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
| **12. Combined Hearing on Adequacy of the Disclosure Statement, Solicitation Procedure and Confirmation of the Plan** | The Combined Hearing to consider, among other things, the adequacy of the Disclosure Statement, the Solicitation Procedures,  and  confirmation  of the Prepackaged Plan will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 118 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, [ ] Floor, White Plains, New York, 10601, on **March 17, 2017 at 11:00 a.m. (prevailing Eastern time)** or as soon thereafter as counsel may be heard.  The Combined Hearing may be adjourned or continued from time to time without further notice other than an announcement of the adjourned or continued date or dates in open court or at the Combined Hearing or any adjourned or continued Combined Hearing and notice of such adjourned date(s) will be available on the noticing agent's case website free of charge at http://cases.primeclerk.com/ultrapetrol.<br><br>Any objections or responses to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan or any proposed amendment or modification thereto must be in writing, filed with the Court (with a copy to the Court's chambers) in accordance with local rules and orders of the Court, and served (i) VIA EMAIL ONLY upon the proposed attorneys for the Debtors, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery |

Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Dustin P. Smith, Esq. (dustin.smith@hugheshubbard.com)), and (ii) VIA U.S. MAIL, HAND DELIVERY, OR OVERNIGHT DELIVERY SERVICE UPON (a) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, New York, NY 10014-4811 (Attn: Susan Arbeit, Esq. (susan.arbeit@usdoj.gov)); (b) counsel to the trustee under the Indenture for Ultrapetrol's 2021 Notes, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 100 Light Street, 19th Floor, Baltimore, MD 21202 (Attn: F. Thomas Rafferty, Esq. (trafferty@bakerdonelson.com)); (c) counsel to the informal committee of unaffiliated holders of Ultrapetrol's 2021 Notes, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Eric R. Reimer, Esq. (ereimer@milbank.com)) and Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Tyson M. Lomazow, Esq. (tlomazow@milbank.com)); (d) counsel to IFC and OFID, Mayer Brown LLP, 71 S. Wacker Drive, Chicago, Illinois 60606 (Attn: Daniel P. Whitmore, Esq. (dwhitmore@mayerbrown.com) and Sean T. Scott, Esq. (stscott@mayerbrown.com)); (e) counsel to the agents under the Offshore Loan Agreements, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Scott Greissman, Esq. (sgreissman@whitecase.com) and Mark Franke, Esq. (mark.franke@whitecase.com)); and (f) counsel to Sparrow, Chadbourne & Parke LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attn: Morton E. Grosz, Esq. (mgrosz@chadbourne.com), Kevin C. Smith, Esq. (ksmith@chadbourne.com), and Andrew Rosenblatt, Esq. (arosenblatt@chadbourne.com)), in each case so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 10, 2017**.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED**

## Summary of Prepackaged Plan[1]

On the Commencement Date, the Debtors filed the Prepackaged Plan and Disclosure Statement.  The Plan and Disclosure Statement may be obtained (a) at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, where they may be reviewed from 8:30 am – 5:00 pm (prevailing Eastern time); (b) by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov; (c) by written request to the Debtors' voting agent, Prime Clerk LLC, 830 3rd Avenue, 3rd Floor New York, New York 10022; or (d) by accessing the noticing agent's case website free of charge at http://cases.primeclerk.com/ultrapetrol.

The Prepackaged Plan provides for two alternative plans of reorganization, referred to as the "Parent-Included Plan" and the "Parent-Excluded Plan."  As a result of certain conditions having been satisfied, the Debtors are seeking confirmation of the Parent-Included Plan.

---

1.  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Prepackaged Plan.

Under the Parent-Included Plan, the assets and liabilities of the Debtors will be substantively consolidated for Plan purposes and certain affiliates of Ultrapetrol (Bahamas) Limited's ("UBL") majority shareholder Southern Cross Latin America Private Equity Fund (collectively, "Sparrow") will purchase the River Business (free and clear of any and all claims, interests, liens, and encumbrances), for cash consideration in the amount of $73.0 million, and the Offshore Supply Business, comprised of non-Debtor entities, for cash consideration in the amount of $2.5 million.  The River and Ocean Business indebtedness owed to the holders of the 2021 Notes, IFC, and OFID of approximately $322.5 million will be satisfied by the payment of $73 million plus certain additional true-up amounts and the transfer of the proceeds from the sale of the Ocean Business; the Offshore Business indebtedness owed by the Debtors' non-Debtor affiliates to the Offshore Lenders will be restructured out of court, the Offshore Lenders will receive a $10 million prepayment under the Offshore Loan Agreements ratably, and the guarantees by UBL of obligations to the Offshore Lenders will be canceled under the Plan.  Other secured claims and general unsecured claims are unimpaired.  Equity interests in UBL will be unimpaired; however, UBL may be dissolved after emergence from chapter 11.

On November 30, 2016, the Debtors commenced solicitation of votes to accept the Prepackaged Plan.  The deadline for the submission of votes was extended through February 2, 2017 at 4:00 p.m. (Prevailing Eastern Time).  The Parent-Included Plan has been accepted by all classes entitled to vote.

**A.      Classification and Treatment.**

The following chart summarizes the classification and treatment provided under the Parent-Included Plan to each class of Claims and Interests and indicates the acceptance or rejection of the Plan by each class:

| Class | Class Description | Impairment/Treatment | Accept/Reject |
|-------|-------------------|----------------------|---------------|
| 1 | Other Priority Claims | Unimpaired.  Except to the extent that a holder of an Allowed Other Priority Claim agrees in writing to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, each Allowed Other Priority Claim, each holder of an Allowed Other Priority Claim shall receive payment in Cash in an amount equal to such Allowed Other Priority Claim as soon as practicable after the later of (i) the Effective Date and (ii) thirty (30) days after the date when such Other Priority Claim becomes an Allowed Other Priority Claim. | Presumed to Accept |
| 2 | Other Secured Claims | Unimpaired.  Except to the extent that a holder of an Allowed Other Secured Claim agrees in writing to less favorable treatment, at the option of the applicable Debtor, in full and final satisfaction, settlement, release, and discharge of and in exchange for such Other Secured Claim, each holder of an Allowed Other Secured Claim shall: (i) have its Allowed Other Secured Claim Reinstated by the applicable Plan Debtor and rendered Unimpaired, (ii) receive Cash in an amount equal to such Allowed Other Secured Claim, including any interest on such Allowed Other Secured Claim, if such interest is required to be paid pursuant to sections 506(b) and/or 1129(a)(9) of the Bankruptcy Code, as soon as practicable after the later of (a) the Effective Date and (b) thirty (30) days after the date such Other Secured Claim becomes an Allowed Other Secured Claim, or (iii) receive the Collateral securing its Allowed Other Secured Claim as soon as practicable after the later of (a) the Effective Date and (b) thirty (30) days after the date such Other Secured Claim becomes an Allowed Other Secured Claim. | Presumed to Accept |
| 3 | 2021 Note Claims | Impaired.  Except to the extent that a holder of a 2021 Note Claim agrees in writing to such other treatment, and the Plan Debtors and New Holdco, each in its sole discretion, agree in writing to such other treatment, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, the 2021 Note Claims, on the Effective Date, each holder of an Allowed 2021 Note Claim shall receive (i) its Pro Rata share of the Initial Noteholder Cash | Voted to Accept |

| Class | Class Description | Impairment/Treatment | Accept/Reject |
|---|---|---|---|
| | | Recovery and (ii) its Pro Rata share of the Adjusted Ocean Business Consideration. Notwithstanding the foregoing, to the extent that a holder of a 2021 Note Claim elects not to receive its Pro Rata share of Ocean Business Transferee Equity in the event of an Ocean Business Hand Over by delivering written notice of such election to the 2021 Notes Indenture Trustee and the Plan Debtors no later than three (3) Business Days after the Ocean Business Election Deadline in accordance with the Restructuring Support Agreement, such equity will be allocated pro rata among the remaining 2021 Noteholders. Distributions among the holders of 2021 Note Claims shall be made solely on the basis of the 2021 Note Indenture. | |
| 4 | IFC-OFID Loan Claims | Impaired. Except to the extent that a holder of an IFC-OFID Loan Claim agrees in writing to such other treatment, and the Plan Debtors and New Holdco, each in their sole discretion, agree in writing to such other treatment, in accordance with the IFC-OFID Debt Purchase Agreement, in consideration for the assignment of the IFC-OFID Loan Agreements and IFC-OFID Loan Claims, on the Effective Date, each holder of an Allowed IFC-OFID Loan Claim shall receive (i) its Pro Rata share of the initial IFC/OFID Cash Recovery, (ii) its Pro Rata share of the Debt Service Reserve Account Balance, and (iii) its Pro Rata share of the True-Up Amount; *provided, however,* that in the event of an Ocean Business Hand Over, each of IFC and OFID shall retain its respective right to its Pro Rata share of the True-Up Amount with respect to the Ocean Business Subsequent Proceeds promptly upon the subsequent sale of all or substantially all of the assets or equity of the Ocean Business. | Voted to Accept |
| 5 | General Unsecured Claims | Unimpaired. In full and final satisfaction, settlement, release, and discharge of, and in exchange for, each Allowed General Unsecured Claim, on the Effective Date, each holder of an Allowed General Unsecured Claim shall, at the discretion of the Debtors, and only to the extent such holder's Allowed General Unsecured Claim was not previously paid, pursuant to an order of the Court or otherwise: (a) have its Allowed General Unsecured Claim Reinstated as an obligation of the applicable Reorganized Debtor, and be paid in accordance with the ordinary course terms, (b) receive such other treatment as may be agreed between such holder and the applicable Reorganized Debtor, or (c) receive such other treatment that will render it Unimpaired pursuant to section 1124 of the Bankruptcy Code. | Presumed to Accept |
| 6 | River Business Intercompany Claims | Unimpaired. In accordance with and giving effect to the provisions of section 1124(1) of the Bankruptcy Code, River Business Intercompany Claims are Unimpaired by the Plan. However, the Plan Debtors retain the right to eliminate, cancel, continue, waive, discharge, or adjust in full or in part any River Business Intercompany Claims as of the Effective Date, or as soon as practicable thereafter, in each case as agreed by the Plan Debtors and New Holdco. No distribution shall be made under the Plan on Account of the River Business Intercompany Claims. | Presumed to Accept |
| 7 | Equity Interests in River Business Holding Company Debtors | Impaired. On the Effective Date, all Equity Interests in River Business Holding Company Debtors shall be cancelled and discharged and shall be of no further force or effect, whether surrendered for cancellation or otherwise, and holders of Equity Interests in River Business Holding Company Debtors shall not receive or retain any property under the Plan on account of such Equity Interests in River Business Holding Company Debtors. | Consented to Treatment (Presumed to Accept) |

| Class | Class Description | Impairment/Treatment | Accept/Reject |
|-------|------------------|---------------------|---------------|
| 8 | Equity Interest in River Business Debtors | Unimpaired.  In accordance with and giving effect to the provisions of section 1124(1) of the Bankruptcy Code, Equity Interests in River Business Debtors are Unimpaired by the Plan and the Plan leaves unaltered the legal, equitable, and contractual rights to which such interest entitles the holder of such interest.  No distribution shall be made under the Plan on Account of Equity Interests in River Business Debtors. | Presumed to Accept |
| 9 | Other Intercompany Claims | Impaired.  On the Effective Date, all Other Intercompany Claims shall be eliminated, cancelled, waived, and discharged, and shall receive no distribution under the Plan. | Consented to Treatment (Presumed to Accept) |
| 10 | Equity Interests in Parent | Unimpaired.  In accordance with and giving effect to the provisions of section 1124(1) of the Bankruptcy Code, Equity Interests in Parent are Unimpaired by the Parent-Included Plan and the Parent-Included Plan leaves unaltered the legal, equitable, and contractual rights to which such interest entitles the holder of such interest.  No distribution shall be made under the Parent-Included Plan on account of Equity Interests in Parent. | Presumed to Accept |
| 11 | Offshore Lender Parent Claims | Impaired.  In full and final satisfaction and discharge of the Offshore Lender Parent Claims, on the Effective Date each Offshore Lender Parent Guarantee shall be canceled and the Offshore Loans which were the subject of such guarantees shall be restructured pursuant to the Offshore Restructuring Definitive Documents. | Voted to Accept |

**B.      Treatment of Executory Contracts.**

The Prepackaged Plan provides that, except as otherwise provided in the Prepackaged Plan, each Executory Contract and Unexpired Lease not previously assumed, assumed and assigned, or rejected shall be deemed automatically assumed pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such executory contract or unexpired lease: (i) is expressly identified on the Rejection Schedule, (ii) has been previously rejected by the Plan Debtors by Final Order or has been rejected by the Plan Debtors by order of the Court as of the Effective Date, which order becomes a Final Order after the Effective Date, (iii) is the subject of a motion to reject pending as of the Effective Date, or (iv) is otherwise rejected pursuant to the terms of the Prepackaged Plan.

**C.      Discharge, Injunction, Releases, and Exculpation.**

Please be advised that the Debtors are proposing the following discharge, release, injunction and exculpation procedures, which are subject to Bankruptcy Court approval, which approval has not yet been granted:

**Section V.C of the Prepackaged Plan: Discharge of the Plan Debtors**

**Pursuant to section 1141(d) of the Bankruptcy Code, to the fullest extent permissible under the law, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Equity Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Equity Interests from and after the Commencement Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Equity Interests in, the Plan Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Equity Interests, including demands, liabilities and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the**

7

extent such Claims or Equity Interests relate to services performed by employees of the Plan Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (i) a proof of Claim or Equity Interest based upon such debt, right, or Equity Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim or Equity Interest based upon such debt, right, or Equity Interest is Allowed, or (iii) the holder of such a Claim or Equity Interest has accepted the Plan or is entitled to receive a distribution hereunder.  Any default by the Plan Debtors with respect to any Claim or Equity Interest that existed immediately before or on account of the filing of the Reorganization Cases shall be deemed cured on the Effective Date.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.

### Section V.D of the Prepackaged Plan: Injunction

FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THIS ARTICLE V, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, CAUSE OF ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THIS ARTICLE V OR THE CONFIRMATION ORDER.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, OR EQUITY INTERESTS THAT HAVE BEEN RELEASED OR DISCHARGED PURSUANT TO THIS ARTICLE V OR ARE SUBJECT TO EXCULPATION PURSUANT TO THIS ARTICLE V ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, OR EQUITY INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH RELEASED PARTIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, OR EQUITY INTERESTS; (3) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH RELEASED PARTIES OR AGAINST THE PROPERTY OR ESTATES OF SUCH RELEASED PARTIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, GUARANTEE CLAIMS, OR EQUITY INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY PLAN DEBTOR OR REORGANIZED DEBTOR, OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF ANY PLAN DEBTOR OR REORGANIZED DEBTOR ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, OR EQUITY INTERESTS; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, OR EQUITY INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND EQUITY INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND EQUITY INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS OR FROM AND AFTER THE COMMENCEMENT DATE, AGAINST THE PLAN DEBTORS OR ANY OF THEIR ASSETS, PROPERTIES, OR ESTATES.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AND SHALL BE FULLY RELEASED AND DISCHARGED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR HEREIN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS SHALL BE FULLY RELEASED AND DISCHARGED, AND THE PLAN DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE PLAN DEBTORS, THEIR ESTATES, THE REORGANIZED DEBTORS, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, AND EACH OF THE RELEASED PARTIES, ANY OTHER CLAIMS OR EQUITY INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

**Section V.H of the Prepackaged Plan: Releases, Exculpations, and Injunctions of Released Parties**

THE RELEASES AND DISCHARGES OF CLAIMS AND CAUSES OF ACTION DESCRIBED IN THE PLAN, INCLUDING RELEASES BY THE PLAN DEBTORS AND BY HOLDERS OF CLAIMS, CONSTITUTE GOOD FAITH COMPROMISES AND SETTLEMENTS OF THE MATTERS COVERED THEREBY AND ARE CONSENSUAL. SUCH COMPROMISES AND SETTLEMENTS ARE MADE IN EXCHANGE FOR CONSIDERATION AND ARE IN THE BEST INTEREST OF HOLDERS OF CLAIMS, ARE FAIR, EQUITABLE, REASONABLE AND ARE INTEGRAL ELEMENTS OF THE RESOLUTION OF THE REORGANIZATION CASES IN ACCORDANCE WITH THE PLAN. EACH OF THE DISCHARGE, RELEASE, INDEMNIFICATION, AND EXCULPATION PROVISIONS SET FORTH IN THE PLAN (A) IS WITHIN THE JURISDICTION OF THE COURT UNDER SECTIONS 1334(A), 1334(B), AND 1334(D) OF TITLE 28 OF THE UNITED STATES CODE, (B) IS AN ESSENTIAL MEANS OF IMPLEMENTING THE PLAN, (C) IS AN INTEGRAL ELEMENT OF THE TRANSACTIONS INCORPORATED INTO THE PLAN, (D) CONFERS MATERIAL BENEFIT ON, AND IS IN THE BEST INTERESTS OF, THE PLAN DEBTORS, THEIR ESTATES, AND THEIR CREDITORS, AND (E) IS IMPORTANT TO THE OVERALL OBJECTIVES OF THE PLAN TO FINALLY RESOLVE ALL CLAIMS AMONG OR AGAINST THE PARTIES-IN-INTEREST IN THE REORGANIZATION CASES WITH PROVISIONS OF THE BANKRUPTCY CODE.

(A) *RELEASES BY THE PLAN DEBTORS*. ON THE EFFECTIVE DATE, EXCEPT FOR THE RIGHT TO ENFORCE THE PLAN, THE DEFINITIVE DOCUMENTS, AND THE OFFSHORE RESTRUCTURING DEFINITIVE DOCUMENTS THAT REMAIN IN EFFECT AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE REORGANIZATION AND IMPLEMENTING THE PLAN, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE PLAN DEBTORS, THEIR ESTATES, AND THE REORGANIZED DEBTORS FROM (AND THE PLAN DEBTORS, THEIR ESTATES, AND THE REORGANIZED DEBTORS ARE DEEMED TO COVENANT WITH, AND TO, THE RELEASED PARTIES NOT TO SUE OR OTHERWISE SEEK RECOVERY FROM THE RELEASED PARTIES ON ACCOUNT OF) ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, JUDGMENTS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING, WITHOUT LIMITATION, ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE PLAN DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE RESTRUCTURING CONTEMPLATED HEREIN, THE REORGANIZED DEBTORS, THE REORGANIZATION CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE FORMULATION OR PREPARATION OF THE PLAN, THE PLAN SUPPLEMENT, THE

9

DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE OFFSHORE BUSINESS RSA, THE OFFSHORE BUSINESS RESTRUCTURING DEFINITIVE DOCUMENTS, THE INVESTMENT AGREEMENT, IFC-OFID DEBT PURCHASE AGREEMENT, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR AT ANY TIME BEFORE THE EFFECTIVE DATE IN CONNECTION WITH THE FOREGOING; *PROVIDED, HOWEVER*, THAT NO PERSON SHALL BE RELEASED FROM ANY ACT OR OMISSION THAT CONSTITUTES GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR FRAUD AS DETERMINED BY A FINAL ORDER.

(B) *RELEASES BY HOLDERS OF CLAIMS AND EQUITY INTERESTS.*  ON THE EFFECTIVE DATE, EXCEPT FOR THE RIGHT TO ENFORCE THE PLAN AND THE DEFINITIVE DOCUMENTS AND THE OFFSHORE RESTRUCTURING DEFINITIVE DOCUMENTS THAT REMAIN IN EFFECT AFTER THE EFFECTIVE DATE, (I) EACH RELEASING PARTY WILL BE DEEMED TO HAVE FOREVER RELEASED AND COVENANTED WITH THE RELEASED PARTIES NOT TO SUE OR OTHERWISE SEEK RECOVERY FROM ANY RELEASED PARTY ON ACCOUNT OF ANY CLAIM, INCLUDING ANY CLAIM OR CAUSE OF ACTION BASED UPON TORT, BREACH OF CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, OR ANY OTHER LEGAL OR EQUITABLE THEORY, BASED IN WHOLE OR IN PART UPON ANY ACT, OCCURRENCE, OR FAILURE TO ACT FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATED TO THE PLAN DEBTORS OR THEIR RESPECTIVE BUSINESSES AND AFFAIRS (INCLUDING WITHOUT LIMITATION ANY ACT OR FAILURE TO ACT OF THE 2021 NOTES INDENTURE TRUSTEE IN FURTHERANCE OF A PRE-PETITION SALE OF THE OCEAN BUSINESS IN ACCORDANCE WITH THE RESTRUCTURING SUPPORT AGREEMENT) AND (II) EACH RELEASING PARTY WILL BE DEEMED TO HAVE FOREVER RELEASED AND COVENANTED WITH THE RELEASED PARTIES NOT TO ASSERT AGAINST ANY RELEASED PARTY ANY CLAIM, OBLIGATION, RIGHT, CAUSE OF ACTION, OR LIABILITY THAT ANY HOLDER OF A CLAIM MAY BE ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, OR OCCURRENCE FROM THE BEGINNING OF TIME THROUGH THE EFFECTIVE DATE IN ANY WAY RELATING TO THE PLAN DEBTORS, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE PLAN DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM, OR EQUITY INTEREST, THE PLAN DEBTORS' RESTRUCTURING, THE REORGANIZATION CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE INVESTMENT AGREEMENT, IFC-OFID DEBT PURCHASE AGREEMENT, THE PLAN SUPPLEMENT OR ANY OF THE DOCUMENTS INCLUDED THEREIN, PROVIDED, HOWEVER, THE FOREGOING RELEASE WILL NOT APPLY TO ANY ACT OR OMISSION THAT CONSTITUTES GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR FRAUD AS DETERMINED BY A FINAL ORDER.

(C) *RELEASE OF LIENS BY 2021 NOTEHOLDERS, IFC AND OFID.*  EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, OR IN ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED PURSUANT TO THE PLAN, ON THE EFFECTIVE DATE AND CONCURRENTLY WITH THE APPLICABLE DISTRIBUTIONS MADE PURSUANT TO THE PLAN, ALL MORTGAGES, DEEDS OF TRUST, LIENS, STOCK PLEDGES, ACCOUNT PLEDGES, OTHER PLEDGES, AND OTHER SECURITY INTERESTS AGAINST ANY PROPERTY OF THE PLAN DEBTORS' ESTATES ARISING FROM OR RELATED TO THE 2021 NOTES, THE 2021 NOTES INDENTURE, THE IFC-OFID LOAN AGREEMENTS, AND THE IFC-OFID GUARANTEES SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL OF THE RIGHT, TITLE, AND INTEREST OF THE 2021 NOTEHOLDERS, IFC, AND OFID SHALL REVERT TO THE REORGANIZED DEBTORS AND EACH OF THEIR SUCCESSORS AND ASSIGNS.  THE 2021 NOTES INDENTURE TRUSTEE AND THE IFC-OFID SECURITY TRUSTEES SHALL DELIVER TO THE PLAN DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, ANY COLLATERAL OR OTHER PROPERTY OF THE DEBTORS HELD BY EACH RESPECTIVE ENTITY, TOGETHER WITH ANY TERMINATION STATEMENTS, INSTRUMENTS OF SATISFACTION, OR RELEASES OF ALL SECURITIES INTEREST THAT MAY BE REASONABLY REQUIRED TO TERMINATE ANY RELATED FINANCING STATEMENTS, MORTGAGES, OR SIMILAR INTEREST OR DOCUMENTS.

(D) *RELEASE OF LIENS*. **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, OR IN ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED PURSUANT TO THE PLAN, ON THE EFFECTIVE DATE AND CONCURRENTLY WITH THE APPLICABLE DISTRIBUTIONS MADE PURSUANT TO THE PLAN, ALL MORTGAGES, DEEDS OF TRUST, LIENS, STOCK PLEDGES, ACCOUNT PLEDGES, OTHER PLEDGES, AND OTHER SECURITY INTERESTS AGAINST ANY PROPERTY OF THE PLAN DEBTORS' ESTATES SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL OF THE RIGHT, TITLE, AND INTEREST OF ANY HOLDER OF SUCH MORTGAGES, DEEDS OF TRUST, LIENS, PLEDGES, AND OTHER SECURITY INTERESTS SHALL REVERT TO THE REORGANIZED DEBTORS AND EACH OF THEIR SUCCESSORS AND ASSIGNS.**

(E) *EXCULPATION AND INJUNCTION*. **THE PLAN DEBTORS, THE REORGANIZED DEBTORS, AND THE OTHER RELEASED PARTIES (I) SHALL HAVE NO LIABILITY WHATSOEVER TO ANY HOLDER OR PURPORTED HOLDER OF AN ADMINISTRATIVE CLAIM, CLAIM, OR EQUITY INTEREST FOR ANY ACT OR OMISSION THAT OCCURRED DURING AND IN CONNECTION WITH THE REORGANIZATION CASES OR IN CONNECTION WITH OR ARISING OUT OF THE PREPARATION AND FILING OF THE REORGANIZATION CASES, THE PREPARATION AND NEGOTIATION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PREPARATION, NEGOTIATION, AND FILING OF THE PLAN, THE DISCLOSURE STATEMENT, THE INVESTMENT AGREEMENT, IFC-OFID DEBT PURCHASE AGREEMENT, THE NEGOTIATION OF THE DOCUMENTS INCLUDED IN THE PLAN SUPPLEMENT, THE PURSUIT OF APPROVAL OF THE DISCLOSURE STATEMENT OR THE SOLICITATION OF VOTES FOR CONFIRMATION OF THE PLAN, THE REORGANIZATION CASES, THE CONSUMMATION OF THE PLAN, THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR ANY TRANSACTION CONTEMPLATED BY THE PLAN OR DISCLOSURE STATEMENT OR IN FURTHERANCE THEREOF EXCEPT FOR ANY ACT OR OMISSION THAT CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE, OR FRAUD AS DETERMINED BY A FINAL ORDER, AND (II) IN ALL RESPECTS, SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN. THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING SUCH RELEASED PARTIES FROM LIABILITY. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE RELEASED PARTIES SHALL BE ENTITLED TO AND GRANTED THE PROTECTIONS AND BENEFITS OF SECTION 1125(E) OF THE BANKRUPTCY CODE. PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, NO HOLDER OR PURPORTED HOLDER OF AN ADMINISTRATIVE CLAIM, CLAIM, OR EQUITY INTEREST SHALL BE PERMITTED TO COMMENCE OR CONTINUE ANY CAUSE OF ACTION, EMPLOYMENT OF PROCESS, OR ANY ACT TO COLLECT, OFFSET, OR RECOVER ANY CLAIM AGAINST A RELEASED PARTY THAT ACCRUED ON OR BEFORE THE EFFECTIVE DATE AND THAT HAS BEEN RELEASED OR WAIVED PURSUANT TO THIS PLAN.**

**Section X.E of the Prepackaged Plan: Term of Injunctions or Stays**

**ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE REORGANIZATION CASES UNDER SECTIONS 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.**

Dated:  February __, 2017

ZIRINSKY LAW PARTNERS PLLC
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 763-0192

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Proposed Co-Attorneys for Debtors
and Debtors in Possession

12