**Hearing Date & Time: March 7, 2017 at 10:00 a.m. (Eastern Time)**

Bruce R. Zirinsky
Sharon J. Richardson
Gary D. Ticoll
ZIRINSKY LAW PARTNERS PLLC
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 763-0192

Christopher K. Kiplok
Dustin P. Smith
Erin E. Diers
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **ULTRAPETROL (BAHAMAS) LIMITED,** *et al.*, | : | **17-22168 (RDD)** |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF REVISED PROPOSED ORDER GRANTING THE MOTION FOR AN ORDER (I) AUTHORIZING THE ASSUMPTION OF THE OFFSHORE RESTRUCTURING SUPPORT AGREEMENT BY ULTRAPETROL (BAHAMAS) LIMITED AND UABL LIMITED AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 6, 2017, Ultrapetrol (Bahamas)

Limited ("UBL") and certain of its wholly-owned direct and indirect subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively with UBL,

"Ultrapetrol" or the "Debtors"), filed with this Court *Motion of the Debtors for Entry of an*

*Order (I) Authorizing the Assumption of the Offshore Restructuring Support Agreement by*

*Ultrapetrol (Bahamas) Limited and UABL Limited and (II) Granting Related Relief* (ECF No. 31) (the "Motion"), a copy of which has heretofore been served upon you.

**PLEASE TAKE FURTHER NOTICE** that a revised proposed order (the "Proposed Order" granting the relief requested in the Motion is attached hereto as Exhibit A. Attached hereto as Exhibit B is a blackline reflecting the proposed changes to the Proposed Order as compared to the proposed order submitted with the Motion.

Dated: New York, New York
March 3, 2017

    /s/ Sharon J. Richardson
Bruce R. Zirinsky
Sharon J. Richardson
Gary D. Ticoll
ZIRINSKY LAW PARTNERS PLLC
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 763-0192
bzirinsky@zirinskylaw.com
srichardson@zirinskylaw.com
gticoll@zirinskylaw.com

Christopher K. Kiplok
Dustin P. Smith
Erin E. Diers
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
chris.kiplok@hugheshubbard.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **ULTRAPETROL (BAHAMAS) LIMITED,** *et al.*, | : | 17-22168 (RDD) |
| Debtors.[1] | : | (Jointly Administered) |

------------------------------------------------------------------x

### ORDER GRANTING THE MOTION FOR AN ORDER (I) AUTHORIZING THE ASSUMPTION OF THE OFFSHORE RESTRUCTURING SUPPORT AGREEMENT BY UBL AND UABL LIMITED AND (II) GRANTING RELATED RELIEF

A hearing having been held on March 7, 2017 (the "Hearing"), to consider the motion, dated February 6, 2017 (the "Motion"),[2] of Ultrapetrol (Bahamas) Limited ("UBL") and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with UBL, "Ultrapetrol" or the "Debtors"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 and of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local  Bankruptcy Rules"), for entry of an order (i) authorizing UBL and UABL Limited ("UABL") (solely in its capacity as party to the contemplated Allocation Agreement) to assume

---

1. The Debtors in these Chapter 11 cases are the following entities: Ultrapetrol (Bahamas) Limited; Arlene Investments, Inc.; Brinkley Shipping Inc.; Cedarino S.A.; Compañia Paraguaya De Transporte Fluvial S.A; Dampierre Holdings Spain, S.A.; Danube Maritime Inc.; Dingle Barges Inc.; Eastham Barges Inc.; General Ventures Inc.; Hallandale Commercial Corp.; Longmoor Holdings, Inc.; Marine Financial Investment Corp.; Massena Port S.A.; Oceanpar S.A.; Parabal S.A.; Parfina S.A.; Princely International Finance Corp.; Regal International Investments S.A.; Riverpar S.A.; Riverview Commercial Corp.; Thurston Shipping Inc.; UABL Barges (Panama) Inc.; UABL Limited; UABL Paraguay S.A.; UABL Towing Services S.A.; UABL S.A.; Ultrapetrol S.A.; UPB (Panama) Inc.; UP River (Holdings) Ltd. (Bahamas); and UP River Terminals (Panama) S.A. The foreign equivalent of an EIN, if any, for each Debtor is set forth in its chapter 11 petition.

2. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

the Offshore RSA and (ii) granting such further relief as requested herein or as is otherwise necessary or appropriate, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Hearing having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the trustee under the Indenture for Ultrapetrol's 2021 Notes, (iii) counsel to the informal committee of unaffiliated holders of Ultrapetrol's 2021 Notes, (iv) counsel to IFC and OFID, (v) counsel to the agents under the Offshore Loan Agreements, (vi) counsel to Sparrow, (vii) all known holders of claims against, and equity interests in, Ultrapetrol as of the Commencement Date, (viii) counsel to Copernico Argentina Fund, (ix) the Securities and Exchange Commission, and (x) all parties having filed requests for notices in these cases pursuant to Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and the appearances of all interested parties having been noted in the record of the Hearing; and the Declaration of Damián Scokin Pursuant to Local Bankruptcy Rule 1007-2 (the "Scokin Declaration"), having been filed with the Court; and upon the Motion, the papers in support thereof and the responses thereto, if any, the Scokin Declaration, the record of the Hearing, and all of the proceedings heretofore had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of Ultrapetrol, its estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the

2

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    1.    ORDERED that the Motion is granted as provided herein; and it is further

    2.    ORDERED that UBL is authorized to assume the Offshore RSA and the Offshore RSA is hereby assumed by UBL as of the date hereof; and it is further

    3.    ORDERED that UABL is authorized to assume the Offshore RSA solely with respect to the contemplated Allocation Agreement and the Offshore RSA is hereby assumed by UABL (solely with respect to the contemplated Allocation Agreement) as of the date hereof, and it is further

    4.    ORDERED that the Offshore RSA shall be binding and enforceable against all parties thereto in accordance with its terms; and it is further

    5.    ORDERED that the failure to describe specifically or include any particular provision of the Offshore RSA or any exhibits attached thereto in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Offshore RSA be assumed by UBL and UABL (solely with respect to the contemplated Allocation Agreement) in its entirety; and it is further

    6.    ORDERED that the Offshore RSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court; and it is further

    7.    ORDERED that the Offshore RSA Parties are granted all rights and remedies provided to them under the Offshore RSA; and it is further

8. ORDERED that the Offshore RSA shall be solely for the benefit of the parties thereto and no other person or entity shall be a third-party beneficiary hereof. No entity, other than the parties thereto, shall have any right to seek or enforce specific performance of the Offshore RSA; and it is further

9. ORDERED that notwithstanding anything to the contrary herein, UBL's and UABL's obligations under the Offshore RSA (including, without limitation, the obligations of their directors and officers) are subject at all times to the fulfillment of their respective fiduciary duties as provided for in the Offshore RSA; and it is further

10. ORDERED that the Debtors shall not be required to make any cure payment in connection with any default under the Offshore RSA; and it is further

11. ORDERED that as the non-Debtor counterparties are consenting to the assumption of the Offshore RSA, no adequate assurance of future performance by the Debtors is required under section 365(b) of the Bankruptcy Code; and it is further

11. ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice; and it is further

12. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon entry; and it is further

13. ORDERED that Ultrapetrol is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to Section 1125 of the Bankruptcy Code; and it is further

4

14. ORDERED that this Court retains jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:   White Plains, New York
           March __, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| ULTRAPETROL (BAHAMAS) LIMITED, *et al.*, | : 17-~~_____~~22168 (~~____~~RDD) |
| Debtors.[1] | : (~~Joint Administration Pending~~Jointly Administered) |

------------------------------------------------------------------x

### ORDER GRANTING THE MOTION FOR AN ORDER (I) AUTHORIZING THE ASSUMPTION OF THE OFFSHORE RESTRUCTURING SUPPORT AGREEMENT BY UBL AND UABL LIMITED AND (II) GRANTING RELATED RELIEF

A hearing having been held on ~~February __,~~ March 7, 2017 (the "Hearing"), to consider the motion, dated February 6, 2017 (the "Motion"),[2] of Ultrapetrol (Bahamas) Limited ("UBL") and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with UBL, "Ultrapetrol" or the "Debtors"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 and of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for entry of an order (i) authorizing UBL and UABL Limited ("UABL") (solely in its capacity as party to the contemplated Allocation Agreement) to

---

[1]. The Debtors in these Chapter 11 cases are the following entities: Ultrapetrol (Bahamas) Limited; Arlene Investments, Inc.; Brinkley Shipping Inc.; Cedarino S.A.; Compañia Paraguaya De Transporte Fluvial S.A; Dampierre Holdings Spain, S.A.; Danube Maritime Inc.; Dingle Barges Inc.; Eastham Barges Inc.; General Ventures Inc.; Hallandale Commercial Corp.; Longmoor Holdings, Inc.; Marine Financial Investment Corp.; Massena Port S.A.; Oceanpar S.A.; Parabal S.A.; Parfina S.A.; Princely International Finance Corp.; Regal International Investments S.A.; Riverpar S.A.; Riverview Commercial Corp.; Thurston Shipping Inc.; UABL Barges (Panama) Inc.; UABL Limited; UABL Paraguay S.A.; UABL Towing Services S.A.; UABL S.A.; Ultrapetrol S.A.; UPB (Panama) Inc.; UP River (Holdings) Ltd. (Bahamas); and UP River Terminals (Panama) S.A. The foreign equivalent of an EIN, if any, for each Debtor is set forth in its chapter 11 petition.

assume the Offshore RSA and (ii) granting such further relief as requested herein or as is otherwise necessary or appropriate, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Hearing having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the trustee under the Indenture for Ultrapetrol's 2021 Notes, (iii) counsel to the informal committee of unaffiliated holders of Ultrapetrol's 2021 Notes, (iv) counsel to IFC and OFID, (v) counsel to the agents under the Offshore Loan Agreements, (vi) counsel to Sparrow, (vii) ~~the~~all known holders of ~~the ten largest secured~~ claims against, and equity interests in, Ultrapetrol ~~(on a consolidated basis), (viii) the holders of the forty largest unsecured claims against Ultrapetrol (on a consolidated basis), (ix~~as of the Commencement Date, (viii) counsel to Copernico Argentina Fund, (~~x~~ix) the Securities and Exchange Commission, and (~~xi~~x) all parties having filed requests for notices in these cases pursuant to Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and the appearances of all interested parties having been noted in the record of the Hearing; and the Declaration of Damián Scokin Pursuant to Local Bankruptcy Rule 1007-2 (the "Scokin Declaration"), having been filed with the Court; and upon the Motion, the papers in support thereof and the responses thereto, if any, the Scokin Declaration, the record of the Hearing, and all of the proceedings heretofore had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of Ultrapetrol, its estates,

---

[2]. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      1.    ORDERED that the Motion is granted as provided herein; and it is further

      2.    ORDERED that UBL is authorized to assume the Offshore RSA and the Offshore RSA is hereby assumed by UBL as of the date hereof; and it is further

      3.    ORDERED that UABL is authorized to assume the Offshore RSA solely with respect to the contemplated Allocation Agreement and the Offshore RSA is hereby assumed by UABL (solely with respect to the contemplated ~~Offshore RSA~~Allocation Agreement) as of the date hereof, and it is further

      4.    ORDERED that the Offshore RSA shall be binding and enforceable against all parties thereto in accordance with its terms; and it is further

      5.    ORDERED that the failure to describe specifically or include any particular provision of the Offshore RSA or any exhibits attached thereto in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Offshore RSA be assumed by UBL and UABL (solely with respect to the contemplated Allocation Agreement) in its entirety; and it is further

      6.    ORDERED that the Offshore RSA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court; and it is further

      7.    ORDERED that the Offshore RSA Parties are granted all rights and remedies provided to them under the Offshore RSA; and it is further

8. ORDERED that the Offshore RSA shall be solely for the benefit of the parties thereto and no other person or entity shall be a third-party beneficiary hereof. No entity, other than the parties thereto, shall have any right to seek or enforce specific performance of the Offshore RSA; and it is further

9. ORDERED that notwithstanding anything to the contrary herein, UBL's and UABL's obligations under the Offshore RSA (including, without limitation, the obligations of their directors and officers) are subject at all times to the fulfillment of their respective fiduciary duties as provided for in the Offshore RSA; and it is further

10. ORDERED that the Debtors shall not be required to make any cure payment in connection with any default under the Offshore RSA; and it is further

11. ORDERED that as the non-Debtor counterparties are consenting to the assumption of the Offshore RSA, no adequate assurance of future performance by the Debtors is required under section 365(b) of the Bankruptcy Code; and it is further

11. ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice; and it is further

12. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon entry; and it is further

13. ORDERED that Ultrapetrol is authorized to take all actions necessary <u>or appropriate</u> to effectuate the relief granted pursuant to this Order in accordance with the Motion, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to Section 1125 of the Bankruptcy Code; and it is further

14. ORDERED that this Court retains jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: White Plains, New York
~~February~~March __, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

5